SUMMARY ORDER

Petitioner Anura Rathnasiri Yagama, an ethnic Sinhala and native and citizen of Sri Lanka, seeks review of an October 27, 2008 order of the BIA affirming the April 10, 2007 decision of Immigration Judge (“IJ”) Brigitte LaForest denying his applications for asylum and withholding of removal. In re Anura Rathnasiri Yagama, No. A94 824 932 (B.I.A. Oct. 27, 2008), aff'g No. A94 824 932 (Immig. Ct. N.Y. City Apr. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland See., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99,110 (2d Cir.2008).
We conclude that the agency did not err in finding that Yagama failed to establish that any past harm he suffered bore a nexus to a protected ground. 8 U.S.C. § 1101(a)(42). As amended by the REAL ID Act, Title 8, Section 1158(b)(l)(B)(i) of the U.S.Code provides that an asylum “applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” Here, the agency reasonably determined that Yagama failed to establish he was persecuted on account of his political opinion, or that he was a member of a particular social group.
First, Yagama argues that the agency erred by failing to conclude that his interrogation by Sri Lankan police was motivated by their mistaken impression that he supported the Liberation Tigers of Tamil Eelam (“LTTE”). Although we have recognized that an imputed political opinion can constitute a protected ground, see Koudriachova v. Gonzales, 490 F.3d 255, 264 (2d Cir.2007) (citing Chun Gao v. Gonzales, 424 F.3d 122, 129 (2d Cir.2005)), the agency reasonably found that, contrary to Yagama’s arguments, his mistreatment by police arose not from their belief that he was an LTTE supporter, but rather because they erroneously believed he was involved in drug smuggling. Moreover, Yagama’s mistreatment, though deplorable, comported with documented reports of abuse and torture by the Sri Lankan police of persons suspected of drug smuggling, and, as the agency concluded, it bore no nexus to his political beliefs. See INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (applicant must show persecutor’s motive to persecute arises from applicant’s political belief).
Second, Yagama asserts that the agency erred in finding that his mistreatment by the LTTE was not on account of his political opinion. However, that Yagama assisted the police in the arrest of LTTE members — and that the LTTE targeted him in response — did not constitute conduct evi *729 dencing Yagama’s political beliefs. See Matter of Fuentes, 19 I. & N. Dec. 658, 661 (BIA 1988) (“Dangers faced by policeman as a result of that status alone are not ones faced on account of [a protected ground].”). Rather, as the agency reasonably concluded, Yagama’s responsibilities as a policeman obligated him to perform this exact activity, and, regardless of his moral opposition to drug smuggling, the record makes clear that the LTTE’s motivation in threatening him was to prevent him from continuing to act as an informant. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005)(observing that the persecutor’s motive to persecute must arise from the applicant’s political belief); see also Estrada-Escobar v. Ashcroft, 376 F.3d 1042, 1047 (10th Cir.2004)(former police major who provided security to judges sitting on terrorist cases failed to show that terrorists threatened him because of an imputed political opinion rather than his status as a police officer).
Third, Yagama argues that the agency erred by rejecting his claim of membership in a particular social group consisting of “people connected with the drug trade and whose cases are difficult to prove.” The BIA has long interpreted the term “particular social group” to mean “a group of persons all of whom share a common immutable characteristics”; something members “either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.” In re Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985); see Koudriachova, 490 F.3d at 262 (declaring Acosta definition reasonable). Moreover, the BIA has stressed that a social group should be both socially visible and sufficiently particular. See In re A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (BIA 2007).
Here, the agency reasonably concluded that the social group Yagama identified failed to meet either of these requirements. Contrary to Yagama’s arguments, there was no evidence that the underground police or Sri Lankan society recognized him or others as comprising a discrete group, nor was there anything particular about them, as a group, dictating their inclusion on a “hit list” prepared by the underground police. Rather, that list simply contained the names of persons who, because of their individual and distinct actions, the police had targeted for persecution.
Accordingly, because Yagama was unable to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). We have considered all of Yagama’s remaining claims and found them to be without merit.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).